ELECTRONICALLY FILED
10/14/2013 2:32 PM
01-CV-2013-903137.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

FILED
2013 Nov-07  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **DAN LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.:** |
| ) | |
| **EBSCO INDUSTRIES, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff Dan Lee is an African-American who endured discrimination, harassment, and retaliation at the hands of Defendant during his employment.  In October 2012, Plaintiff filed an Equal Employment Opportunity Commission charge against Defendant alleging race discrimination and harassment.  In late October 2012, Plaintiff experienced health issues and was required to take Family Medical Leave.   Three (3) months later, Defendant failed to accommodate Plaintiff's remaining eleven (11) days of medical leave and abruptly terminated his employment.  Plaintiff alleges race discrimination and harassment, retaliation for filing an EEOC charge, disability discrimination, and violation of the Family Medical Leave Act.

### I.    JURISDICTION

1.      This Complaint is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the Family Medical Leave Act of 1991, as amended.  Jurisdiction is based on 42 U.S.C. §2000e, 42 U.S.C. §12117, and 29 U.S.C. §2617, et seq.

2.      Jurisdiction is further invoked as Plaintiff has exhausted all administrative remedies by timely filing a formal charge of race discrimination and harassment, disability

EXHIBIT 1

discrimination, and retaliation with the Equal Employment Opportunity Commission and receiving a Notice of Right to Sue.

II.   PARTIES

3.   Plaintiff is an adult resident of Chilton County, Alabama.

4.   Defendant EBSCO Industries, Inc. (hereinafter "EBSCO") is a foreign corporation at all relevant times doing business in Jefferson County, Alabama.

III.   FACTS AND STATEMENT OF CLAIMS

5.   Plaintiff is African-American.

6.   Plaintiff worked for Defendant EBSCO Industries, Inc. as an Aluminum Cutter and Welder from approximately May 2010 to January 31, 2013.

7.   Plaintiff was the victim of race discrimination and harassment.

8.   Plaintiff's White co-workers made racially derogatory comments toward Plaintiff, including insults directed toward Plaintiff and other African-American workers regarding their intelligence.

9.   These comments were not directed toward White co-workers.

10.   Plaintiff complained to his supervisor (White).

11.   Plaintiff's supervisor did nothing to investigate or remedy the situation.  He instead told Plaintiff, "Well, you know how some people are raised up."

12.   On or about September 26, 2012, one of Plaintiff's co-workers (White) assaulted Plaintiff with a snake.

13.   The co-worker knew that Plaintiff is terrified of snakes.

14.   The co-worker taunted Plaintiff with the snake, lunging it closer and closer toward Plaintiff.

2

15.     Plaintiff told the co-worker to stop and back off several times, but the co-worker continued lunging the snake closer and closer toward Plaintiff's face.

16.     Plaintiff, who was terrified, pulled out his pocket knife and told the co-worker to stay back.

17.     Plaintiff received an oral reprimand from his White supervisor that became part of his personnel file.

18.     Plaintiff is unaware of any discipline received by the White co-worker.

19.     According to EBSCO company policy, horse play in the plant is a terminating offense.

20.     The White male that assaulted Plaintiff was not terminated for his behavior.

21.     Plaintiff believes he was unfairly disciplined for defending himself.

22.     Plaintiff was up for a raise in or around July 2012.  Plaintiff completed paperwork for the raise and submitted it to his supervisor.

23.     Plaintiff did not receive the raise.  Defendant gave at least two (2) of Plaintiff's White co-workers raises.

24.     Plaintiff completed welding training in 2012.

25.     A welding job became available at a higher pay grade than Plaintiff's job.

26.     Plaintiff told his supervisor and plant manager that he was interested in the job.

27.     The job was given to a White individual hired in from outside the company.

28.     Plaintiff filed an EEOC charge on or about October 1, 2012 alleging race discrimination and hostile work environment.

29.    In about September 2012, Plaintiff started experiencing shortness of breath. Plaintiff told his supervisor about it, but the supervisor did not inquire into the situation. Plaintiff continued to work as normal.

30.    On or about October 26, 2012, Plaintiff began experiencing shortness of breath and chest pains at work.

31.    Plaintiff finished his shift and went to the emergency room.

32.    Plaintiff was off work until around October 31, 2012, when Plaintiff presented Defendant with a doctor's excuse.

33.    The doctor's excuse ordered Plaintiff off work until about November 8, 2012, the date of Plaintiff's follow up appointment.

34.    Plaintiff went to the follow up doctor's appointment, and the doctor admitted Plaintiff into the hospital.

35.    The next day, on or about November 9, 2012, Plaintiff underwent heart surgery.

36.    Defendant placed Plaintiff on FMLA leave and short term disability leave running simultaneously, backdating the FMLA leave to October 26, 2012, which Plaintiff worked.

37.    Plaintiff returned to his doctor for a follow up visit on or about December 7, 2012.

38.    Plaintiff's doctor ordered him off work until February 11, 2013, scheduling a final follow up visit on that date to release Plaintiff back to work.

39.    Plaintiff kept Defendant apprised of his condition.

40.    Defendant's human resources department contacted Plaintiff in mid-January and ordered him to return to work on January 30, 2013.

41.     Plaintiff explained that his doctor's appointment was scheduled for February 11, 2013.

42.     Defendant advised Plaintiff that he must get an earlier appointment, because he must return by January 30, 2013.

43.     Plaintiff attempted to obtain an earlier appointment, but February 11, 2013 was the first available appointment.

44.     Plaintiff advised Defendant that he tried but could not obtain an earlier appointment.

45.     Defendant nonetheless "strongly recommended" Plaintiff to return to work on January 30, 2013 with a medical release.

46.     Plaintiff was unable to do so.

47.     Defendant mailed Plaintiff a letter terminating his employment and terminating his health insurance coverage effective January 31, 2013.

48.     On or about February 19, 2013, Plaintiff filed an amended EEOC charge alleging disability discrimination and retaliation.

### COUNT I –RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

49.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

50.     Plaintiff is African-American.

51.     Plaintiff was the target of racially derogatory comments.

52.     Plaintiff complained to his White supervisor who did nothing to redress the behavior.  He instead dismissed Plaintiff's complaint by saying, "You know how some people are raised up."

53. Plaintiff requested a raise but was denied.

54. Plaintiff's White co-workers received raises.

55. Plaintiff requested a promotion to a welding position after receiving welding training.

56. Defendant hired a White employee from outside the company to fill the welding position.

57. Defendant gave similarly-situated White employees preferential treatment in the terms and conditions of their employment.

58. Defendant discriminated against Plaintiff on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended.

59. Defendant condoned and perpetuated a racially hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

(a) Enter an Order granting Plaintiff all equitable relief available at law, including but not limited to, reinstatement of Plaintiff's employment;

(b) Grant Plaintiff all monetary relief available at law, including but not limited to, lost wages, lost benefits, front pay, and other damages;

(c) Award Plaintiff the costs of this action including reasonable attorneys' fees, interest, and all such further and other relief that this Court deems just and proper.

## COUNT II – TITLE VII RETALIATION

60. Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

61. Plaintiff filed an EEOC charge alleging race discrimination and harassment in early October 2012.

6

62.     Plaintiff's hostile environment became even more severe after he filed the charge.

63.     Plaintiff's plant manager ignored Plaintiff and refused to communicate directly with him.

64.     Plaintiff felt as if he were being edged out and given the cold shoulder.

65.     Defendant terminated Plaintiff's employment on January 31, 2013 in violation of the retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

(a)     Enter an Order granting Plaintiff all equitable relief available at law, including but not limited to, reinstatement of Plaintiff's employment;

(b)     Grant Plaintiff all monetary relief available at law, including but not limited to, lost wages, lost benefits, front pay, and other damages;

(c)     Award Plaintiff the costs of this action including reasonable attorneys' fees, interest, and all such further and other relief that this Court deems just and proper.

## COUNT III – DISABILITY DISCRIMINATION

66.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

67.     Plaintiff is a qualified individual with a disability in that he can perform the job in question (the job he had when he was terminated and/or other jobs utilizing similar skills and abilities) with or without accommodation.

68.     Plaintiff has one or more physical impairments, including a heart condition, that substantially limits his ability to engage in one or more major life activities.

69.     Plaintiff had a record of such a disability with Defendant and/or was regarded by Defendant as having such a disability.

7

70.    Defendant unlawfully failed to engage Plaintiff in any discussion about his disability or about any reasonable accommodation that could have been made.

71.    Defendant denied a reasonable accommodation of eleven (11) additional days of leave.

72.    Defendant unlawfully terminated Plaintiff's employment in violation of the Americans with Disabilities Act of 1990, as amended.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

(a)    Enter an Order granting Plaintiff all equitable relief available at law, including but not limited to, reinstatement of Plaintiff's employment;

(b)    Grant Plaintiff all monetary relief available at law, including but not limited to, lost wages, lost benefits, front pay, and other damages;

(c)    Award Plaintiff the costs of this action including reasonable attorneys' fees, interest, and all such further and other relief that this Court deems just and proper.

### COUNT IV – FAMILY MEDICAL LEAVE ACT VIOLATION

73.    Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

74.    Plaintiff suffered from a serious health condition that qualified him for twelve (12) weeks of leave under the Family Medical Leave Act.

75.    Plaintiff learned on November 8, 2012 that he required heart surgery on November 9, 2012.

76.    Plaintiff presented Defendant with the required paperwork from his physician.

77.    Defendant backdated Plaintiff's leave to October 26, 2012, even though he worked that day.

78.    Plaintiff's Family Medical Leave expired on or about January 21, 2013.

79.     Plaintiff remained off work on short term disability leave, planning to return after his final post-surgery follow up on February 11, 2013.

80.     On January 31, 2013, Defendant terminated Plaintiff's employment.

81.     Defendant's actions are in violation of the Family Medical Leave Act of 1991, as amended.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

(a)     Enter an Order granting Plaintiff all equitable relief available at law, including but not limited to, reinstatement of Plaintiff's employment;

(b)     Grant Plaintiff all monetary relief available at law, including but not limited to, lost wages, lost benefits, front pay, and other damages;

(c)     Award Plaintiff the costs of this action including reasonable attorneys' fees, interest, and all such further and other relief that this Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests all relief set forth herein.

s/ Sonya C. Edwards
Sonya C. Edwards
ASB-8848-S73E

EDWARDS LAW, LLC
121 Edenton Street
Birmingham, Alabama 35242
SonyaEdwardsLaw@gmail.com
Phone: (205) 408-0956
Fax: (205) 408-9236

s/ Jeffrey W. Bennitt
Jeffrey W. Bennitt
ASB-0774-N51J

JEFFREY W. BENNITT & ASSOCIATES
121 Edenton Street
Birmingham, Alabama 35242
Bennittlaw@aol.com
Phone: (205) 408-7240
Fax: (205) 408-9236

9